PEOPLE v. HART

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—ILLEGALLY
   OBTAINED CONFESSION.
   A plea of guilty is voluntary if it is knowingly and under-
   standingly made with the benefit of counsel even though an
   illegally obtained confession existed.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—LENIENCY.
   A fulfilled promise of leniency is not a basis for holding a
   plea of guilty involuntary.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 July 28, 1970, at Lansing. (Docket No. 9,298.) Decided August 28, 1970.

Carol Hart was convicted, on her plea of guilty, of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Earle S. Clark, III,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Duty of court, upon plea of guilty or nolo contendere to offense
involving several degrees, to hear evidence to determine degree.
34 ALR2d 919.
Court's duty to advise or admonish accused as to consequences
of plea of guilty, or to determine that he is advised thereof.
97 ALR2d 549.

Before:  DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM.  The defendant, while represented by counsel, pled guilty to the reduced charge of assault with intent to rob while being armed, MCLA § 750.89 (Stat Ann 1962 Rev § 28.284), and was sentenced to a term of 25 to 35 years in prison.

On appeal the defendant argues that she should be granted a new trial because her plea was invalid under GCR 1963, 785.3.  She alleges it was involuntary for the reasons that she feared the use of an illegally obtained confession and that there existed a promise of reduction in the charge.

A plea is voluntary if it is knowingly and understandingly made with the benefit of counsel even though an illegally obtained confession existed. *People* v. *Temple* (1970), 23 Mich App 651.  A fulfilled promise of leniency is not a basis for holding a guilty plea involuntary.  The record shows that the plea was freely, understandingly and voluntarily made and complied with GCR 1963, 785.3.

Affirmed.